GOMES et al. v. DAVIS.

No. 32201.   May 7, 1946.

*169 P. 2d 200.*

James S. Watson, of Tulsa, for plaintiffs in error.

W. O. Moffit and R. C. Searcy, both of Tulsa, for defendant in error.

WELCH, J. In May, 1941, one G. A. Gomes contracted to purchase the city lot herein involved for the price of $100 payable $5 down and $5 per month. In September, 1942, Gomes and the defendant, Nellie Davis, appeared at the office of the seller and upon payment by the defendant of the balance of the purchase price amounting to some $25, they procured deed to be issued to defendant.

Plaintiff's action is to cancel the deed and a bill of sale and is brought upon the theory that the land was the homestead of plaintiff and G. A. Gomes, and the pretended conveyance of same to defendant is void because of the homestead rights of plaintiff, she not having joined in the conveyance of same.

Upon trial to the court the findings of facts were to the effect that plaintiff had never acquired any homestead rights in the property; that she had abandoned her husband, G. A. Gomes, long before he acquired the land and more than one year prior to the conveyance of same to defendant.

The determinative question presented here is whether the findings of facts are against the clear weight of the evidence.

The evidence is to the effect that several months prior to the contract of May, 1941, plaintiff and her husband, G. A. Gomes, had been living on a small acreage on the north edge of the city of Tulsa. They had been married some 25 years and had two children about of legal age. Husband and wife were then about 63 and 64 years old. Gomes was practically blind and received a pension for the blind. He had also been suffering with sugar diabetes for more than 25 years. It was then that plaintiff, the wife, moved into the city of Tulsa and commenced living in an apartment house where she worked. Gomes was left alone on the acreage. Some months thereafter he entered into the above contract and shortly thereafter caused to be constructed on the lot a small two-room house at a cost of $175, and removed thereto, where he lived alone without care until May, 1942, when the W.P.A. arranged with the defendant to attend him in his almost helpless condition. Defendant gave him almost constant care at his home, receiving pay therefor from the United States Government until August of that year, when the Government pay was terminated. Thereafter defendant removed him to her own house and continued to attend his needs until his death in December of the same year. During all of the time mentioned Gomes was in a bad state of health and during approximately the last year he was practically helpless.

True, plaintiff testified that she and her husband had not separated, that she moved to town only because she had to work to live, and that she was not able to go back and forth to her work; that she furnished Gomes money when he needed it; that she helped with the payments on the place, though she does not say when or how much money she ever furnished for any purpose.

She testified that she visited her husband only three times while he was living on the above premises; never

128

spent a night or cooked a meal there, though she was living in the same city. Though her husband was left in his helpless and miserable condition for a long period of time, dependent upon the charity of the neighbors and the governmental agencies, her only explanation for failure to attend his needs more often than three short visits during the time is that she had to work and could not get over to his house. She testified that she visited him in the hospital every day during the last six or seven days of his life, stating that she finished her work in the "forenoon".

Despite plaintiff's statement that she always claimed the property as her home, we would not feel justified in concluding that the findings of the trial court to the contrary, and to the effect that plaintiff had abandoned her husband more than one year prior to the conveyance, is against the clear weight of the evidence.

When there was such abandonment Gomes could convey the land without being joined by the plaintiff. 16 O.S. 1941 § 6; Armstrong v. Independent Oil & Gas Co., 95 Okla. 231, 219 P. 353.

Plaintiff further contends that the trial court erred in permitting the introduction of evidence to establish abandonment, asserting some defect or deficiency of pleading as a basis for such contention. No authorities in point are cited. We think it immaterial here, for most of the evidence on the point is seen in the testimony of plaintiff herself, offered to prove her affirmative allegations as to the homestead character of the premises.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.